IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL WALKER, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:13-CV-00524-RDP |
| } | |
| **JEFFERSON COUNTY BOARD OF** } | |
| **EDUCATION, et al.** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion to Dismiss. (Doc. # 12). The Motion has now been fully briefed. (Docs. # 15-17).

**I.  The Complaint**

Plaintiffs' Complaint asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for wrongfully calculated wages, withheld wages, unpaid wages, and overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys fees. (Doc. # 1 at p.1). The named Defendants are Jefferson County Board of Education, Jennifer Parsons, Ronald Rhodes, Jacqueline Smith, Tommy Little and Oscar Mann, members of the Board of Education who are named in their official capacities.

**II.  The Jefferson County Board of Education**

Plaintiff's claims against Defendant Jefferson County Board of Education ("the Board") are unquestionably due to be dismissed. The Board is entitled to Eleventh Amendment Immunity. Indeed, in their Response to the Motion, Plaintiffs advance no serious argument that the claims against the Board should not be dismissed. "It is well settled in Alabama that '[l]ocal school boards

are agencies of the State, not of the local governmental units they serve, and they are entitled to the same absolute immunity as other agencies of the State.'" *Ex parte Phenix City Bd. of Educ.*, 109 So.3d 631, 632 (Ala. 2012) (quoting *Ex parte Montgomery County Bd. of Educ.*, 88 So.3d 837, 841 (Ala. 2012) (in turn quoting *Ex parte Bessemer Bd. of Educ.*, 68 So.3d 782, 789 (Ala. 2011))). "For purposes of § 14 immunity, county boards of education are considered agencies of the State." *Board of School Com'rs of Mobile County v. Weaver*, 99 So.3d 1210, 1217 (Ala. 2012) (quoting *Louviere v. Mobile County Bd. of Educ.*, 670 So.2d 873, 877 (Ala. 1995)).

The FLSA was enacted pursuant to Congress's Article I commerce power. 29 U.S.C. § 202. When Congress enacts legislation under its Article I commerce power, its purpose is the regulation of interstate commerce. U.S. Const. art. I, § 8, cl. 3. The enforcement provisions of § 216(b) of the FLSA contain the following abrogation provision: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The fact that Congress utilized Article I in its attempt to abrogate the states' sovereign immunity with respect to the FLSA is problematic.

Our circuit has extended the Supreme Court's decision in *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) to suits against state employers under the FLSA. In that case, *Powell v. Florida*, 132 F.3d 677 (11th Cir.1998), an employee sued a department of the state of Florida for FLSA violations. *Id*. at 678. The *Powell* court held that "[t]he district court properly dismissed the claim for unpaid overtime wages based on the State's Eleventh Amendment immunity." *Id*.

In *Alden v. Maine*, 527 U.S. 706 (1999), an employee filed suit in state court against the State of Maine alleging violations of the FLSA. *Id*. at 711-12. The Court held that sovereign immunity protected a state from suit in its own courts under a federal law, such as the FLSA, enacted under Congress's Article I commerce power. *Id*.; *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (1999) (holding that the abrogation provisions of § 216(b) of the FLSA, adopted by the Age Discrimination in Employment Act, did not properly abrogate state sovereign immunity, despite a clear intent by Congress to do so, because they were not enacted under § 5 of the Fourteenth Amendment).

In light of the decisions in *Powell, Alden, and Kimel*, the court has no hesitation whatsoever in concluding that the abrogation provisions of the FLSA, though explicitly expressing Congress's intent to abrogate sovereign immunity, were not a valid exercise of congressional power to accomplish that goal. Congress acted pursuant to its Article I commerce power, not under § 5 of the Fourteenth Amendment. Consequently, the Eleventh Amendment bars this suit under the FLSA.[1] Therefore, Plaintiffs' FLSA claims against the Board of Education are due to be dismissed.

## II.     Members of the Board

Plaintiffs' Complaint also purports to state FLSA claims against the individual members of the Jefferson County Board of Education in their official capacities.  However, "'[i]t is [also] settled beyond cavil that State officials cannot be sued for damages in their official capacities.'" *Harris v. Owens*, 105 So.3d 430, 434 (Ala. 2012) (quoting *Ex parte Montgomery Cnty. Bd. of Educ.*, 88 So.3d

---

[1] The court's analysis is buttressed by the fact that the Eleventh Circuit has recently reached the same conclusion in an unpublished decision. *Keeler v. Florida Dept. of Health, Div. of Disability Determinations*, 397 Fed.Appx. 579, 582, 2010 WL 3724476, *3 (11th Cir. 2010) ("the abrogation provisions of the FLSA, though explicitly intending to abrogate sovereign immunity, were not a valid exercise of congressional power, as they were not enacted under § 5 of the Fourteenth Amendment." The court's analysis *supra* largely tracks that expressed in the *Keeler* decision.

837, 842 (Ala. 2012)); *see also Ex parte Dangerfield*, 49 So.3d 675, 681 (Ala. 2010); *Burgoon v. Alabama State Dep't of Human Res.*, 835 So.2d 131, 132-33 (Ala. 2002).

Plaintiff's Response to Defendants' Motion to Dismiss argues that calculating and paying back pay is a ministerial task and that Plaintiffs may seek injunctive relief ordering the individual Defendants to perform that task. However, an order that "directs defendants to pay employees," or "declares that the plaintiffs are entitled to back pay; liquidated damages; attorney fees and adjust current salary" is still an order for the payment of money damages to Plaintiffs. Section 14 immunizes the individual defendants sued in their official capacities from any claim for monetary damages. *Harris v. Owens*, 105 So.3d at 434. "An award of back pay is 'retroactive relief' and 'would constitute the payment of money damages from the state treasury in a suit against state officials.'" *Poindexter v. Department of Human Resources*, 2013 WL 2237865 * 8 (M.D. Ala. 2013) (quoting *Lussier v. Dugger*, 904 F.2d 661, 669 (11th Cir.1990) (noting that absent abrogation, retroactive payment of salary and benefits is not prospective injunctive relief and is therefore barred by the Eleventh Amendment)); *see also Edelman v. Jordan,* 415 U.S. 651, 664-71 (1974) (holding that court may enjoin state official's future conduct, but may not grant retroactive monetary relief that the state will pay); *see also Cobb v. Alabama*, 2011 WL 3666696 *3 (M.D. Ala. 2011) (declining to award back pay with respect to an official capacity claim), *Earl v. Dupree*, 2001 WL 36152178 *2 (S.D. Ala. 2001) (same).

Furthermore, as to relief sought on behalf of current employees seeking appropriate calculation of wages in the future, "the right to bring an action for injunctive relief [for payment of wages] under the Fair Labor Standards Act rests exclusively with the United States Secretary of

4

Labor." *Powell v. State of Fla.*, 132 F.3d 677, 678-79 (11th Cir. 1998) (citing 29 U.S.C. §§ 211(a), 216(b) (1994)). [2]

In certain circumstances, state officials may be subject to suit, despite the Eleventh Amendment, under the "fiction" of *Ex parte Young*, 209 U.S. 123 (1908). That fiction allows an individual to obtain a federal injunction against a state officer to force the officer to comply with federal law. *Id.* at 160. In determining whether *Young's* exception to sovereign immunity applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Comm. of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). The court need not look to the merits of the suit to determine whether *Young* applies; an allegation in the complaint will suffice.

However, "[t]he *Ex parte Young* doctrine does not apply in two cases: it cannot be used (1) to compel an executive official to undertake a discretionary task; and/or (2) if the suit is, in reality, against the state." *Seminole Tribe of Florida v. State of Fla.*, 11 F.3d 1016, 1028 (11th Cir. 1994). It is apparent that this action is not in reality against state officials in an attempt to force them to follow federal law; rather, this action is against the state for the payment of wage damages in accordance with the FLSA. As a result, the doctrine of *Ex parte Young* does not apply.

### III.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is due to be granted. A separate order will be entered.

---

[2] Of course, "the FLSA permits employees to obtain preliminary injunctive relief to address violations of the Act's antiretaliation provision." *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1337 (11th Cir. 2002). But that provision is not applicable here.

**DONE** and **ORDERED** this \_\_\_\_12th\_\_\_\_ day of August, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE